IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOLOTHAL THOMAS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-09-2461 |
| | : | Criminal No. CCB-04-0232 |
| UNITED STATES OF AMERICA | : | |

...o0o...

# **MEMORANDUM**

Federal prison inmate Solothal Thomas, together with his co-defendant Eduado Countess, was convicted by a jury on July 6, 2006, of multiple charges including use of an interstate commerce facility in the commission of a murder for hire. Thomas was sentenced to concurrent life terms plus 120 months consecutive. His convictions and sentences were affirmed by the Fourth Circuit. *United States v. Thomas*, 282 F. App'x 244 (4th Cir. 2008). Thomas filed a timely motion to vacate sentence under 28 U.S.C. § 2255, which has been fully briefed and will be denied for the reasons stated below.[1]

Thomas primarily argues that his counsel was ineffective. To prevail, he must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Thomas first argues that his experienced and "death-qualified" trial attorneys, Arcangelo Tuminelli and Teresa Whalen, were ineffective for several reasons. Thomas alleges they were aware of but failed to call three witnesses in his defense. One witness is identified as Melvin Coleman, one only as "Marty," and one is unidentified. Thomas claims they would have testified that two cooperating witnesses, Tyree Stewart and Corey Smith, said they intended to lie about Thomas's involvement. He provides no further details about their proposed testimony or when and how defense counsel would have been aware of such testimony. Nor does he present

---

[1] Countess also filed a motion under 28 U.S.C. § 2255, which was denied. *See* CCB-09-2558.

an affidavit from any of the three individuals. This is not sufficient to show deficient performance by counsel. Nor does it show prejudice, particularly considering the other impeaching evidence with which these cooperators were vigorously cross-examined. Further, the government presented strong testimony from other witnesses, including Thomas's brother Donta, the third conspirator directly involved in the murder, as well as forensic and other eyewitness evidence establishing Thomas's guilt.

As to Melvin Coleman, Thomas also argues that Tuminelli did not call him because of a conflict created by Tuminelli's representation of Coleman in a related marijuana conspiracy. In that case, however, Coleman pled guilty and did not cooperate. Thomas offers no proof of any actual conflict or that Tuminelli's representation of Coleman in the marijuana case had anything to do with the allegations against Thomas.

Second, Thomas asserts that his trial attorneys were ineffective for failing to object to the prosecutor's closing arguments, particularly what he describes as personal attacks on defense counsel, "vouching" for a government witness, misstating the evidence, and shifting the burden of proof to the defense. Careful review of the government's arguments, however, shows interpretation of and comment on the evidence and on the persuasiveness of defense counsel's argument, not misstatement, personal attack, or improper vouching. *See, e.g., United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). Any remarks that may have crossed the line were not such as to "infect[] the trial with unfairness," *see Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *United States v. Chorman*, 910 F.2d 102, 113 (4th Cir. 1990). Similarly, the few isolated remarks by a cooperating witness about prior charges, bail, or other transactions with Thomas were of minimal prejudicial effect in the context of the trial, likely helped explain the witness's relationship with Thomas, and in any event would have been addressed by the court's standard

instruction that Thomas was on trial only for the conduct charged in the indictment not for any other conduct that may have been mentioned in the course of the trial.[2]

Third, Thomas argues that appellate counsel was ineffective for failing to argue that his statement to a law enforcement agent after his arrest should have been suppressed under Fed. R. Ev. 410 and Fed. R. Crim. P. 11(e)(6) because it was made during the course of plea bargaining. This issue was litigated, however, and the motion to suppress was correctly denied before trial, as there was no proof that the government agent was involved in plea bargaining with Thomas. *See United States v. Porter*, 821 F.2d 968, 977 (4th Cir. 1987); *cf. United States v. Bridges*, 46 F. Supp.2d 462, 466-67(E.D. Va. 1999) (ruling inadmissible defense attorney's reply to government agent's question).  An appeal would have been unsuccessful.

Finally, Thomas argues appellate counsel should have raised the denial of his right to self-representation. Thomas, however, raised this issue himself, and it was one of the grounds for relief generally denied by the Fourth Circuit. Further, the record reflects that Thomas, who asserted a "flesh-and-blood" attack on the court's jurisdiction, never asked to represent himself. His last-minute request to dismiss court-appointed counsel was properly denied. Tr. 6/12/2006 at 20-22.

Because none of Thomas's arguments have merit or require an evidentiary hearing, his motion will be denied. A certificate of appealability is not warranted under the standard set out in 28 U.S.C. § 2252(c).

A separate Order follows.

January 28, 2013                                         /s/
         Date                                      Catherine C. Blake
                                                   United States District Judge

---

[2] Indeed, the jury acquitted Thomas of the drug conspiracy charge against him.